## Commonwealth v. Watts

*Luria & Still*, for petitioner.

*Robert I. Shadle*, assistant district attorney, for Commonwealth.

ANDERSON, J., July 13, 1942.—In this case, in a proceeding instituted by his former wife, in the quarter sessions court, to secure support for his daughter,

defendant, Thomas Watts, was ordered on September 15, 1941, to pay $4 per week for the daughter's support and to file a bond in the amount of $500 conditioned that he would comply with the order. Defendant became in arrears in the payment of the order, and the usual procedure was invoked to collect on the bond. Defendant, by counsel, has now filed a petition alleging that he is in the military service and asking the court to stay, vacate, set aside, and suspend the former order of support and all actions thereon until 60 days after defendant has been discharged from the military service under the Soldiers' and Sailors' Civil Relief Act, 54 Stat. at L. 1178, sec. 203. It is admitted in the answer filed to the rule granted in the petition that defendant is in the military service, but denied that such service affects his obligation to comply with the order of support. The issue to be decided, therefore, is: Does the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U. S. C. §§501 et seq. relieve deserting fathers of the obligation to support their children. The first article of the act seems to indicate that it should not be so applied.

"In order to provide for, strengthen, and expedite the national defense . . . provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States . . . and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service . . ."

It is to be noted that the intent of the Soldiers' and Sailors' Civil Relief Act is to protect persons in the military service of the United States and to prevent prejudice to their civil rights. Since a support proceeding is in the quarter sessions court and is in the nature of a criminal proceeding it would seem very evident that this act would not apply as it distinctly

specifies that it is to apply only to civil rights and liabilities. Certainly a wise National Government would not say that because a man is in the military service he no longer need provide for his family, without itself making some special governmental regulation to provide for the family, and up to this time no such provision has been made. On the contrary, by a recent Congressional enactment, which increases the pay of men in the service, it is provided that a certain portion of the soldier's pay shall be allotted to his family for their support: Servicemen's Dependents Allowance Act of June 23, 1942. It would be a strange doctrine indeed to hold that when one enters the military service he no longer has any financial responsibility for his wife and children. Were this true we are persuaded that there are some whose patriotic fervor would be greatly increased by this facile evasion of the marital responsibilities. Since this act is comparatively new there seem to be no decisions precisely in point, although one court has already held that the act does not apply to an alimony order where the husband's income in the service was approximately the same as it was when the order was originally made: Clarke v. Clarke, 25 N. Y. Supp. (2d) 64. This would seem to be a more appropriate situation in which to grant relief under this act, since the payment of alimony is distinctly the result of a civil proceeding.

However, since support orders must necessarily vary and are subject to change from time to time, depending on the income and ability of the husband and father to pay, it is only equitable to allow and the court will so permit defendant to present testimony or evidence in the form of proper depositions to show what his present income is and after such testimony is presented the order may be modified to conform with the present income.

It is, therefore, evident that the rule heretofore issued should be discharged.

And now, to wit, July 13, 1942, the rule granted to show cause why the proceedings should not be stayed, suspended, and set aside until 60 days after defendant's discharge from military service is discharged.

NOTE.—See Commonwealth v. Rizzuto, 45 D. & C. 334.